**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHNNY SATURN,** | § | |
| *Plaintiff* | § | |
| | § | **A-20-CV-442-LY-SH** |
| **v.** | § | |
| | § | |
| **AUSTIN BERGSTROM** | § | |
| **INTERNATIONAL AIRPORT** | § | |
| *Defendant* | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   **THE HONORABLE LEE YEAKEL**
      **UNITED STATES DISTRICT JUDGE**

Before this Court are Johnny Saturn's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs, filed on April 26, 2020 ("Application," Dkt. No. 5), and Plaintiff's Complaint (Dkt. No. 1). This case is assigned to the undersigned Magistrate Judge for disposition of the Application and report and recommendation pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Lee Yeakel.

## I. *In Forma Pauperis* Status

After reviewing Plaintiff's Application, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave

to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in the Complaint and is recommending that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on the Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time on the Defendants.

## II.  Section 1915(e)(2) Frivolousness Review

### A.  Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). "Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal

2

controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

### B.  Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)

While many of Plaintiff's allegations are incomprehensible, he appears to assert claims of defamation and invasion of privacy against Defendant Austin Bergstrom International Airport for events dating to May 16, 2010. Plaintiff alleges: "The defendant as represented by its agents and gangs was alleging plaintiff Saturn as stalker and one who had made or plot car bomb planted in his car while it was parked in his parents house garage, and the bomb was supposed to be detonating at 8:30 a.m." [sic]. Dkt. No. 1 at ¶ 5; *see also id.* at ¶¶ 12, 19. For his defamation claim, Plaintiff alleges in part that:

> Defendant A.B.I.A. and re-published the false Statements of and concerning Plaintiff Saturn on the Internet by emails, twitters, and thru any else available internet wireless and wired communication, and other mediums, asserting and creating the false impression that, among other things, Plaintiff Saturn stalks women, is suicide, is cab driver, has seven lawsuits against him, had stalked [name omitted] Starbucks Arboretum Market, is any else deteriorated description as it was created by Starbucks Arboretum Market manager during her time of work during Summer, 2009. [sic].

*Id.* at ¶ 41. For his invasion of privacy claim, Plaintiff alleges that:

> Defendant A.B.I.A. did willfully conspire to deprive Plaintiff of his day in court and violated his civil rights in violation of 42 U.S.C. § 1985 by conspiring with the couple [names omitted] who were ex-home owners of my ex leased house by being promised to have the defendant as the tenant and lessee harassed by an intruder supplied with biochemical weapon, satellite sabotage and wireless WiFi. gps. tracking device and extra keys copies of ex-homeowners to intrude the house while Plaintiff Saturn would be sleeping. [sic].

*Id.* at ¶ 51. Plaintiff seeks actual damages of $2.5 trillion and punitive damages of $1.25 trillion for these alleged actions.

As noted, courts must liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But under even the most liberal construction, Plaintiff alleges implausible and clearly baseless claims against the Defendants. Because Plaintiff has made only fanciful, fantastic, and delusional allegations, his Complaint should be dismissed as frivolous. *See, e.g.*, *Atakapa Indian*, 943 F.3d at 1005 (affirming dismissal as frivolous of claims alleging defendants had, "among other misdeeds, monopolized 'intergalactic foreign trade'").

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Johnny Saturn's lawsuit as frivolous sunder 28 U.S.C. § 1915(e)(2).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 11, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE